UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO P. G., | |
| Petitioner, | Civ. No. 19-12260 (KM) |
| v. | |
| THOMAS DECKER, ET AL., | OPINION |
| Respondents. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Francisco P. G.,[1] is an immigration detainee, held at the Adams County Correctional Facility, in Natchez, Mississippi.[2] He is proceeding, through counsel, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied.

## II. PROCEDURAL HISTORY

Petitioner is a native and citizen of the Dominican Republic, who entered the United States as a lawful permanent resident ("LPR") in 1996 and has resided here since that time. In January 2015, following a visit to the Dominican Republic, Petitioner was detained by the Department of Homeland Security ("DHS") at the John F. Kennedy airport. DHS detained

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

[2] At the time Petitioner filed the instant petition, he was being held in this District, at the Hudson County Corrections Facility in Kearny, New Jersey. (DE 1, at 2.) During the pendency of this habeas petition, Petitioner was transferred to a correctional facility in Mississippi. (DE 10.) The case is properly heard in this district. *See* p. 3, *infra.*

Petitioner based upon two drug-related convictions he received in December 2000 and September 2002.[3] Based upon these prior convictions, DHS determined Petitioner was inadmissible to the United States and detained him pursuant to 8 U.S.C. § 1225(b) for a few days before ultimately releasing him. (DE 1-1, at 3.) Petitioner was subsequently issued a Notice to Appear, charging him as a removable alien and instituting removal proceedings against him. On June 12, 2018, Immigrations and Customs Enforcement ("ICE") again detained Petitioner. (DE 1-3, at 3.)

On December 7, 2018, Petitioner filed a motion to terminate his removal proceedings based upon DHS' alleged failure to meet its burden of proof in establishing Petitioner was inadmissible to the United States. (DE 1-4.) On February 25, 2019, the Immigration Judge ("IJ") denied Petitioner's motion and entered a non-final order of removal. In April 2019, Petitioner filed his appeal with the Board of Immigration Appeals ("BIA").

In May 2019, Petitioner filed this petition for a writ of habeas corpus, seeking release or an individualized bond hearing to justify his continued detention. (DE 1.) Petitioner did not dispute the statutory basis for his detention, but he asserted that his detention had become unduly prolonged to the point of having become unconstitutional under the decisions of the Court of Appeals for the Third Circuit in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), among other cases. (*See* DE 1.)

I ordered the government to file an answer responding to the petition. (DE 5.) I also ordered the government to notify the Court within seven days of Petitioner's release from custody, "as well as any change in the basis for petitioner's immigration detention." (*Id.*)

---

[3] Petitioner appears to deny having been convicted of these offenses. (DE 1, at 9.)

The government filed a response to the petition, and Petitioner filed a reply. (DE 8, 9.) In October 2019, the government filed a letter indicating that the BIA had dismissed Petitioner's appeal from the denial of his application for cancellation of removal, thereby rendering his removal order final. As a result, the government stated, Petitioner is not longer held as a pre-removal detainee pursuant to § 1225(b), but rather as a post-removal detainee awaiting removal, under 8 U.S.C. § 1231. (DE 10.) The government also stated in their filing that on September 26, 2019, Petitioner had been transferred to Adams County Correctional Facility in Natchez, Mississippi.

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). However, where an immigration detainee "properly files a habeas petition in the district where he is incarcerated, and the petitioner is subsequently transferred to a facility outside of that district, the Attorney General of the United States may be deemed a 'custodian' to allow the original District Court to retain jurisdiction over the habeas petition." *Chavez-Rivas v. Olsen*, 194 F. Supp. 2d 368, 376 (D.N.J. 2002); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004). Therefore, even though Petitioner has since been transferred to a facility in Mississippi, this Court retains jurisdiction over Petitioner's § 2241 since he properly filed it while he was detained in New Jersey. *See Chavez-Riveras*, 194 F. Supp. At 376.

Under 8 U.S.C. § 1225(b), detention of an applicant for admission pending a removal proceeding is practically mandatory. *See Tineo v. Ashcroft*, 350 F.3d 382, 387 (3d Cir. 2013). As

3

noted above, Petitioner was detained pursuant to § 1225(b) at the time he commenced this proceeding. Immigration detention after a removal order has become final, however, is governed by 8 U.S.C. § 1231(a). *See Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 215 (3d Cir. 2018). Thus, when the BIA dismissed Petitioner's appeal from the denial of his application for cancellation of removal, the removal order became final and the basis for his custody changed from § 1225(b) to § 1231(a).

Section 1231(a) creates a 90-day removal period during which the government must detain persons still awaiting removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Once the 90-day removal period expires, however, the government may continue to detain, or may release on bond, aliens who are deportable based on various specified grounds. *See* 8 U.S.C. § 1231(a)(6).

The Supreme Court of the United States, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), held that § 1231 does not authorize indefinite post-removal-period detention. *Id.* at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* The Court further noted that six months would be a "presumptively reasonable" period of post-removal-order detention under § 1231. *Id.* at 701.

In *Guerrero-Sanchez v. Warden York County Prison*, the U.S. Court of Appeals for the Third Circuit emphasized "that aliens detained under § 1231(a)(6) are only entitled to a bond hearing after *prolonged* detention." 905 F.3d at 225. That Court adopted a presumptive "six-month rule," meaning that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months of custody." *Id.* at 226 (parenthetical omitted).

Here, the petitioner's application seeks relief from prolonged detention under § 1225(b). (DE 1.) Such relief must be denied as moot, as Petitioner is no longer detained under § 1225(b). I note that Petitioner has been detained under § 1231(a) for just under two months. Thus, his

4

detention is short of the six-month duration that the Third Circuit has found to constitute prolonged post-removal-order detention warranting a bond hearing. Accordingly, Petitioner is not entitled at this time to a bond hearing. He may move to reopen this proceeding if the order of removal is not executed, but he instead remains in immigration custody for a period that is unwarranted under § 1231.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition, (DE 1), will be denied without prejudice to reopening this proceeding if Petitioner remains in custody for an unwarranted period under 8 U.S.C. § 1231(a). An appropriate order follows.

DATED: October 17, 2019

KEVIN MCNULTY
United States District Judge